RUBLE and others *v.* HYDE and others.

*(Circuit Court, D. Minnesota.* ———, 1880.)

1. REMOVAL—ACT OF MARCH 3, 1875, § 2.—In order that a suit may be removed by either party, under section 2 of the act of March 3, 1875, all the persons forming the party on one side of the controversy must be citizens of states different from those of which the other party are citizens.

Motion to Remand.

*Gordon E. Cole*, for plaintiffs.

*Charles W. Bunn*, for defendants.

NELSON, D. J.   A motion is made to remand this suit, which is removed from the state court on the petition of all the defendants, under the provisions of the second section of the act of March 3, 1875. The following is the clause under which the suit was removed:

"That any suit of a civil nature, at law or in equity, now pending * * * in any state court, where the matter in dispute exceeds, exclusive of costs, the sum or value of $500, * * * in which there shall be a controversy between citizens of different states, * * * either party may remove said suit into the circuit court of the United States for the proper district."

The suit was brought by the plaintiffs, a firm doing business in, and citizens of, the state of Minnesota, against seven defendants, three of them citizens of the state of Wisconsin, two citizens of the state of Iowa, and one Henry Rowell, a citizen of Minnesota. The citizenship of one defendant, Hunting, is not given in the petition, but it appears by an affidavit in the record that he is not a citizen of the state of Minnesota.

The plaintiffs seek to recover an alleged indebtedness due from the defendants jointly as copartners. To sustain this cause they must prove a partnership between all the defendants, which is denied by those not citizens of the same state with the plaintiffs, and also by Rowell, the defendant who is a citizen of the same state.

Rowell is not a nominal party to this suit, and, being a citizen of the same state with the plaintiffs, the controversy about which the suit was instituted in the state court is not between citizens of one or more states on one side, and citizens of other states on the other side.

In order that a suit may be removed by either party, under the provision of section 2, in the act of 1875, above quoted, all the persons forming the party on one side of the controversy must be citizens of states different from those of which the other party are citizens.

In other words, as I understand the act of 1875, the change made by the clause is that the parties to the controversy, without reference to their position in the pleadings as plaintiffs or defendants, may be arranged on opposite sides; and if on one side each individual is a citizen of a different state from those of which the individuals on the other side are citizens, then the suit may be removed. Such is not the case here. See *Burke* v. *Flood*, 1 FED. REP. 541; *Myer* v. *Delaware R. R. Construction Co.*, October term 1879, U. S. Sup. Ct., 12 Chicago Leg. News, 135.

It is not necessary to consider the other point raised on the argument.

Motion granted.